UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ISMAEL M. MIRANDA, et al.,<br><br>Defendants. | Case No.  20-cv-07684-SVK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 22 |

The Clerk of Court entered default against Defendants Ismael M. Miranda individually and d/b/a El Agave Restaurant and El Agave Restaurant, Inc., an unknown business entity d/b/a El Agave Restaurant (collectively, "Defendants"), after Defendants failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure.  Dkt. 19.  Before the Court is Plaintiff G&G Closed Circuit Events, LLC's motion for default judgment.  Dkt. 22.  Defendants have not appeared in this action to date and have not opposed the motion.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter for suitable for resolution without oral argument.

For the reasons that follow, the Court **DENIES** Plaintiff's motion for default judgment, without prejudice to Plaintiff filing a renewed motion for default judgment if Defendant Miranda does not file a timely response to the Complaint following proper service.

I. **BACKGROUND**

Plaintiff is a commercial distributor and licensor of closed-circuit sports and entertainment programming.  Dkt. 1 (Complaint) ¶ 21; Dkt. 22-2 (Gagliardi Decl.) ¶ 3.  Plaintiff alleges that it was granted the exclusive nationwide commercial exhibition (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Sergey Kovolev Championship Fight Program* on November 2, 2019, including all under-card bouts and fight commentary (collectively, the "Program").  Dkt. 1 ¶ 18;

Dkt. 22-2 ¶¶ 3-4 and Ex. 1. Plaintiff then sublicensed the right to publicly exhibit the Program to various commercial entities throughout California and North America. Dkt. 1 ¶ 19; Dkt. 22-2 ¶ 3.

Plaintiff alleges that Defendants unlawfully intercepted and exhibited the Program at their commercial establishment, El Agave Restaurant, located at 2270 Monterey Highway, San Jose, California 95112. Dkt. 1 ¶¶ 8, 23-24; Dkt. 22-2 ¶¶ 3, 7, 9-11.

On October 31, 2020, Plaintiff filed this action for violation of 47 U.S.C. §§ 553 and 605, conversion, and violation of California Business and Professions Code §§ 17200 *et seq*. Dkt. 1. In the present motion for default judgment, however, Plaintiff seeks remedies only under 47 U.S.C. § 605 and for conversion. Dkt. 22-1 at 5.

## II. LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4.

If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III. DISCUSSION

As indicated above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC,* No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted).

Plaintiff filed a proof of service of the Summons and Complaint on Defendant Ismael M. Miranda, stating that the papers were left with "Rose Miranda, Aunt." Dkt. 11. A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Securities & Exchg. Comm'n v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

In its motion for default judgment, Plaintiff argues that Defendant Miranda was "personally served." Dkt. 22-1 at 10 (citing Dkt. 11 and Fed. R. Civ. P. 4(e)(2)(A)). This assertion is not supported by the record because as discussed above, the Proof of Service for Defendant Miranda states that service was made on "Rose Miranda, Aunt." Dkt. 11. Thus, it appears that Plaintiff purported to serve Defendant Miranda by substitute service.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in a judicial district of the United States by following the state law for service. The applicable California statute regarding substitute service of individual defendants permits substitute service by leaving a copy of the summons and complaint at the defendant's usual place of abode (*i.e.*, dwelling), usual place of business, or usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. § 415.20(b). Copies of the summons and complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *Id.* Substitute service is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served … ." *Id.* "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own

3

facts." *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979). Although there is no established formula for reasonable diligence, "[t]wo or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" Weil and Brown, *California Practice Guide: California Civil Procedure Before Trial*, ¶ 4:198 (The Rutter Group June 2019) (citing cases). Here, Plaintiff has not made the requisite showing that it was reasonably diligent in attempting to serve Defendant Miranda personally before completing substitute service on Rose Miranda. The portion of the Proof of Service where the process server can provide "[a]dditional information regarding attempted service, etc." is blank. *Id.* Accordingly, Plaintiff has not shown that service on Defendant Miranda was made in accordance with California law.

Federal Rule of Civil Procedure 4(e)(2) allows other methods of service on an individual as an alternative to state law service provisions. Plaintiff relies on Rule 4(e)(2)(A), which provides for service by "delivering a copy of the summons and of the complaint to the individual personally." *See* Dkt. 22-1 at 10. As discussed above, however, there is no evidence that Plaintiff delivered the documents to Defendant Miranda personally. Nevertheless, Federal Rule of Civil Procedure 4(e)(2)(B) states that an individual may be served by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age or discretion who resides there. Unlike California law, "Rule 4(e)(2)(B) does not contain a reasonable diligence requirement." *Trustlabs, Inc. v. An*, No. 21-cv-2606-CRB, 2021 WL 312595, at *2 n.2 (July 23, 2021). Thus, Plaintiff is not required to show reasonable diligence before making substitute service on Defendant Miranda.

However, the proof of service regarding Defendant Miranda is nevertheless insufficient because it does not identify the address where substitute service was made, *i.e.*, the address Plaintiff contends is Defendant Miranda's "usual place of abode". See Dkt. 11. This information is generally required. *See, e.g., Trustlabs*, 2021 WL 312595, at *1; *see also* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-H, §5:15 (place of service among the information "generally deemed essential to a valid proof of service").

The Court concludes that Plaintiff has failed to show proper service of Defendant Miranda because the proof of service fails to establish that service was made at the correct address.

4

## IV. DISPOSITION

Under Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, ... parties only if the court expressly determines that there is no just reason for delay." Where, as here, the complaint appears to allege that Defendants are jointly liable or similarly situated, the Court concludes that it should not consider entry of default judgment against El Agave Restaurant until the matter can be adjudicated with regard to all Defendants. *See In re First T.D. & Inv., Inc.*, 253 F.3d at 532. Accordingly, the Court **DENIES** Plaintiff's motion for default judgment. As discussed above, Plaintiff's argument that "Defendant Miranda was personally served" (Dkt. 22-1 at 10) is not supported by the existing record, and the existing proof of service omits information about where substitute service was made. Under these circumstances, the Court concludes that Plaintiff must serve Defendant Miranda again and file a new proof of service within 30 days of the date of this Order. Following expiration of the appropriate time for Defendant Miranda to respond to the Complaint, Plaintiff may file a renewed motion for default judgment. Any renewed motion must address whether the new service on Defendant Miranda was adequate.

**SO ORDERED.**

Dated: August 9, 2021

SUSAN VAN KEULEN
United States Magistrate Judge