UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ISMAEL M. MIRANDA, et al.,<br><br>Defendants. | Case No. 20-cv-07684-SVK<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 22 |

The Clerk of Court entered default against Defendants Ismael M. Miranda individually and d/b/a El Agave Restaurant and El Agave Restaurant, Inc., an unknown business entity d/b/a El Agave Restaurant (collectively, "Defendants"), after Defendants failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. Dkt. 19. Plaintiff G&G Closed Circuit Events, LLC subsequently filed a motion for default judgment. Dkt. 22. The Court denied the motion for default judgment without prejudice on the grounds that Plaintiff had failed to show proper service of the summons and complaint on Defendant Miranda because the original proof of service failed to establish that service was made at the correct address. Dkt. 24. Plaintiff subsequently filed an amended proof of service that included the service address. Dkt. 25. The Court then issued an order stating that it would consider the previously-filed motion for default judgment based on the amended proof of service (Dkt. 26), and it will now proceed to do so.

Defendants have not appeared in this action to date and have not opposed the motion for default judgment. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter for suitable for resolution without oral argument.

Although Plaintiff has consented to the jurisdiction of a magistrate judge (Dkt. 8), neither

of the Defendants has consented. Accordingly, the Court directs the Clerk of Court to **REASSIGN** this case to a District Judge, with the following **RECOMMENDATION** that Plaintiff's motion for default judgment be **GRANTED IN PART AND DENIED IN PART** for the reasons that follow. If all Defendants later consent to magistrate judge jurisdiction, the case may be reassigned to the undersigned.

## I.  BACKGROUND

Plaintiff is a commercial distributor and licensor of closed-circuit sports and entertainment programming. Dkt. 1 (Complaint) ¶ 21; Dkt. 22-2 (Gagliardi Decl.) ¶ 3. Plaintiff alleges that it was granted the exclusive nationwide commercial exhibition (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Sergey Kovolev Championship Fight Program* on November 2, 2019, including all under-card bouts and fight commentary (collectively, the "Program"). Dkt. 1 ¶ 18; Dkt. 22-2 ¶¶ 3-4 and Ex. 1. Plaintiff then sublicensed the right to publicly exhibit the Program to various commercial entities throughout California and North America. Dkt. 1 ¶ 19; Dkt. 22-2 ¶ 3.

Plaintiff alleges that Defendants unlawfully intercepted and exhibited the Program at their commercial establishment, El Agave Restaurant, located at 2270 Monterey Highway, San Jose, California 95112. Dkt. 1 ¶¶ 8, 23-24; Dkt. 22-2 ¶¶ 3, 7, 9-11.

On October 31, 2020, Plaintiff filed this action for violation of 47 U.S.C. §§ 553 and 605, conversion, and violation of California Business and Professions Code §§ 17200 *et seq*. Dkt. 1. In the present motion for default judgment, however, Plaintiff seeks remedies only under 47 U.S.C. § 605 and for conversion. Dkt. 22-1 at 5.

## II.  LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4.

If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III. DISCUSSION

#### A. Service and Jurisdiction

As discussed above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted). Plaintiff filed a proof of service of the summons and complaint on Defendant El Agave Restaurant and an amended proof of service on Defendant Ismael Miranda. Dkt. 16, 25. A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotation marks and citations omitted). Accordingly, based on the sworn proofs of service filed by Plaintiff, the Court concludes that service was proper.

When a plaintiff seeks entry of default judgment against a party who has failed to plead or otherwise defend, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has subject matter jurisdiction over this matter because federal statutes are at issue, and the Court can exercise supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367. The

1  requirement of personal jurisdiction is satisfied as to both Defendants because the Complaint and
2  public records submitted with the present motion indicate that Defendant El Agave Restaurant
3  operates in San Jose, California and is the licensee identified on a California Department of
4  Alcoholic Beverage Control license.  Dkt. 1 ¶ 8; Ex. 1 to Dkt. 22-4.  Defendant Ismael M.
5  Miranda is identified in public records as the President of El Agave Restaurant, Inc.  Dkt. 1 ¶¶ 7,
6  9; Exs. 1-3 to Dkt. 22-4.[1]

### B.  *Eitel* Factors

Having concluded that the threshold requirements of service and jurisdiction are met, the Court next considers the *Eitel* factors and concludes that the majority of those factors weigh in favor of entering default judgment against Defendants.  Declining to enter default judgment against the defaulted Defendants would prejudice Plaintiff (first factor) because Plaintiff has no other recourse against Defendants.  Plaintiff's claims against Defendants are adequately pled and sufficient to find liability on the facts alleged, which must be taken as true, as discussed in further detail below (second and third factors).  Plaintiff asks the Court to award the not-insubstantial sum of $23,600.  Dkt. 22-5.  Although entry of default judgment may not be appropriate where a large sum of money is at stake (fourth factor), here the damages sought are statutory and the amount is left to the Court's discretion.  There is no indication that Plaintiffs' failure to respond is due to excusable neglect or that there is any indication of a dispute concerning material facts (fifth and sixth factors).  Although public policy strongly favors decisions on the merits (seventh factor), in light of Defendants' refusal to litigate, it does not appear that litigation of the merits will be possible in this case.  Accordingly, the Court **RECOMMENDS GRANTING** Plaintiff's motion for entry of default judgment.

---

[1] The Court takes judicial notice to Exhibits 1-3 to the Declaration of Thomas P. Riley (Dkt. 22-4) submitted in support of Plaintiff's motion for default judgment because they are public records capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Ev. 201(b)(2); *see also J&J Sports Productions, Inc. v. Medoza-Lopez*, No. 17-cv-06421-YGR (JSC), 2018 WL 4676903, at *1 n.1 (N.D. Cal. Mar. 29, 2018).

### IV. RELIEF TO BE AWARDED

#### 1. Statutory Damages Pursuant to 47 U.S.C. § 605 or § 553

In the Complaint, Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), $10,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $50,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(B), damages for conversion in an amount according to proof, and restitution pursuant to California Business and Professions Code §§ 17200, *et seq.* in an amount according to and from the Defendants for their ill-gotten gains.  Dkt. 1.  However, in the instant motion for default judgment, Plaintiff's request is limited to $4,200 in statutory damages and $18,000 in enhanced statutory damages for violations pursuant to 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii) and $1,400 in damages for conversion. Dkt. 22-1 at 13-18; Dkt. 22-5.

A threshold issue is whether to apply 47 U.S.C. § 605 or 47 U.S.C. § 553.  "A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.  But he cannot violate both by a single act of interception."  *J & J Sports Productions, Inc. v. Man Thi Doan*, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008); *see also J & J Sports Productions, Inc. v. Coria*, No. C 12–05779 JSW, 2015 WL 1089044, at *3–4 (N.D. Cal. Feb. 27, 2015) ("Plaintiff may not recover under both 47 U.S.C. § 605 and 47 U.S.C. § 553")) (citations omitted).  The Complaint alleges that the Program "originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies to Plaintiff's sub-licensees." Dkt. 1 ¶ 22.  Plaintiff's affidavit in support of the motion for default judgment states that "the interstate satellite transmission of the Program was electronically coded or scrambled" and authorized commercial establishments were "provided with the electronic decoding equipment and the satellite coordinates necessary to receive the signal, or the establishment's cable or satellite provider would be notified to unscramble the reception of the Program for the establishment." Dkt. 22-2 ¶ 11.  However, neither the Complaint nor Plaintiff's affidavit alleges whether the Program was intercepted through a cable signal or a satellite broadcast.  The affidavit of Plaintiff's investigator, Jason Amin, does not specify whether

1 he saw a satellite dish or cable box at the establishment. Dkt. 28.  Because of the prominent

2 placement required for a satellite dish in comparison to a cable box, the Court finds this lack of

3 evidence persuasive that the programming came from a cable signal.  *See Man Thi Doan*, 2008

4 WL 4911223, at *3; *see also G&G Closed Circuit Events, LLC v. Huong Xuan Thi Nguyen*, No.

5 5:10-CV-05715 EJD, 2011 WL 4536959, at *7 (N.D. Cal. Sep. 30, 2011).  Accordingly, the Court

6 finds that Plaintiff has failed to state a claim for relief under Section 605 and **RECOMMENDS**

7 **DENIAL** of the motion for default judgment on the Section 605 claim.  The Court will instead

8 analyze Plaintiff's damages for Defendants' alleged violation under Section 553.  *See Huong Xuan*

9 *Thi Nguyen,* 2011 WL 4536959, at *7.

10 The Court finds that Plaintiff has sufficiently alleged a basis for relief under Section 553.

11 Through Mr. Amin's affidavit, Plaintiff established that Defendants were exhibiting the Program

12 without permission "and thus the Court finds that Section 553 is the more likely violation." *J&J*

13 *Sports Productions, Inc. v. Sergura*, No. C 12–01702 JSW, 2014 WL 1618577, at *4 (N.D. Cal.

14 Apr. 21, 2014) (citation omitted); *Coria*, 2015 WL 1089044, at *4.  Under Section

15 553(c)(3)(A)(ii), Plaintiff "may recover an award of statutory damages for all violations involved

16 in the action, in a sum of not less than $250 or more than $10,000 as the court considers just."

17 "The Court may also enhance the award of damages by up to $50,000 if it finds that the conduct

18 was 'committed willfully and for the purposes of commercial advantage or financial gain.'" *J & J*

19 *Sports Productions, Inc. v. Seldner*, No. C10–5137 TEH, 2011 WL 2650961, at *2 (N.D. Cal. July

20 6, 2011) (quoting 47 U.S.C. § 553(c)(3)(B)).  District courts consider different factors in

21 determining damages, including "use of cover charge, increase in food price during programming,

22 presence of advertisement, number of patrons, number of televisions used, and impact of the

23 offender's conduct on the claimant." *J & J Sports Productions, Inc. v. Concepcion*, No. C 10–

24 05092 WHA, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011).  Further, "[r]epeated violations

25 may also justify enhanced damages." *Id.*  "Additionally, courts look to the actual cost of a

26 commercial license, defendant's incremental profits and the need to deter piracy." *Sergura*, 2014

27 WL 1618577, at *4.

28 Here, Mr. Amin's affidavit indicates that there was no cover charge to enter this

establishment and there were four televisions located behind the bar and on the side walls. Dkt. 28. Mr. Amin's affidavit states that the capacity of the establishment was 100 people and he counted 26, 28, and 31 patrons while he was there. *Id.* There are no allegations in the Complaint and no evidence in the record that this establishment had increased food or beverage prices as a result of the Program. Further, there is no allegation that Defendants advertised the exhibition of the Program or are a repeat offender. Plaintiff argues that "Defendants acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain." Dkt. 22-1 at 16. However, "the mere assertion that a defendant acted willfully is insufficient to justify enhanced damages." *Seldner*, 2011 WL 2650961, at *3 (citation omitted). Accordingly, the Court **RECOMMENDS** Plaintiff be awarded $1,400 in statutory damages under Section 553(c)(3)(A)(ii), which represents the cost of the commercial sublicense fee to broadcast the Program according to Mr. Gagliardi's declaration. Dkt. 22-2 ¶ 8.

### 2. Damages for Conversion

As stated above, Plaintiff also seeks $1,400 in damages for conversion. Dkt. 22-1 at 18. The elements of conversion are (1) ownership of a right to possession of property; (2) wrongful disposition of the property right of another, and (3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Plaintiff alleges ownership over the nationwide distribution rights for the Program, Defendants' misappropriation of this ownership right through the intentional and unlawful interception of the Program, and damages. *See* Dkt. 1. As stated previously, according to Mr. Gagliardi's declaration, the commercial sublicense fee to broadcast the Program would have cost Defendants $1,400. Dkt. 22-1 ¶ 8. Thus, Plaintiff's request is appropriate, and the Court **RECOMMENDS** Plaintiff be awarded $1,400 in damages for conversion.

### 3. Costs and Attorney's Fees

Reasonable attorneys' fees and costs may be awarded pursuant to 47 U.S.C. § 553(c)(2). Plaintiff's motion requests the opportunity to submit evidence in support of its recovery of attorneys' fees and relevant costs. Dkt. 22-1 at 18. Accordingly, if the assigned District Judge accepts this report and recommendation, the undersigned **RECOMMENDS** that Plaintiff's

counsel be ordered to file a properly supported request for reasonable attorneys' fees and costs within 14 days of the District Court's order.

**V.   CONCLUSION**

For the reasons explained above, the Court **RECOMMENDS** judgment be entered in favor of Plaintiff against Defendants. The Court also **RECOMMENDS** that Plaintiff's motion be **DENIED** as to the claim under 47 U.S.C. § 605 and **GRANTED** as to the claim under 47 U.S.C. § 553 and the conversion claim.  The Court further **RECOMMENDS** Plaintiff be awarded a total of $2,800 in damages jointly and severally against Defendants.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the district court.

**SO ORDERED.**

Dated: October 29, 2021

*[signature]*

SUSAN VAN KEULEN
United States Magistrate Judge