IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ISMAEL M. MIRANDA, et al.,<br><br>Defendants. | Case No. 20-cv-07684-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

On November 19, 2021, the Court adopted a Report and Recommendation by Magistrate Judge Susan van Keulen and granted Plaintiff G & G Closed Circuit Events, LLC's motion for default judgment in this commercial piracy case. See Order (dkt. 33). The Court awarded Plaintiff $1,400 in statutory damages under 47 U.S.C. § 553 and $1,400 in damages for conversion. Id. On December 1, 2021, Plaintiff filed an application for attorneys' fees and costs. Dkt. 34. Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument. For the reasons discussed below, Plaintiff's application for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART.

**I.   DISCUSSION**

   **A.   Fees**

Section 553 affords the Court discretion in awarding fees and costs. See 47 U.S.C. § 553(c)(2)(C) ("The court may direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). To calculate attorneys' fees, a district court uses the lodestar method, which multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Counsel bears the burden in justifying the fees with detailed time records. "Those hours may be reduced by the court where documentation

of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) (citation omitted); Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). A district court "can impose a small reduction, no greater than 10 percent — a 'haircut' — based on its exercise of discretion and without a more specific explanation." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

Plaintiff requests $9,145.20 in attorneys' fees. This amount breaks down as follows:

> 3.95 hours of work at an hourly rate of $550 performed by Attorney Riley, totaling $2,172.50;
>
> 19 hours of work at an hourly rate of $300 by an unidentified research attorney, totaling $5,700; and
>
> 11.57 hours of work at an hourly rate of $110 by an unidentified administrative assistant, totaling $1,272.70.

Riley Decl. ¶ 6, Ex. 1.

As an initial matter, the Court agrees with Section 553 caselaw in this district finding Attorney Riley's $550 hourly rate and his research attorney's $300 hourly rate to be reasonable. See, e.g., G&G Closed Circuit Event, LLC v. Miller, No. C 20-03545 SVK, Dkt. No. 38 (N.D. Cal. Mar. 29, 2021) (Judge Susan van Keulen); G&G Closed Circuit Event, LLC v. Macias, No. C 20-02916 BLF, Dkt. No. 34 (N.D. Cal. June 4, 2021) (Judge Beth Labson Freeman).

Yet the Court observes that the exorbitant request here amounts to over three times the fee awards in similar recent matters in this district involving Plaintiff. See, e.g., Macias, No. C 20-02916 BLF, Dkt. No. 34 (awarding $3,076 in fees); G & G Closed Circuit Events, LLC v. Segura, 2021 WL 4978456, at *2 (N.D. Cal. Sept. 28, 2021) (awarding $2,800.79 in fees); see generally J & J Sports Prods., Inc. v. Concepcion, 2011 WL 2220101, at *5 (N.D. Cal. June 7, 2011) (summarizing fee awards). The Court also notes that Plaintiff did not calculate hours contemporaneously but rather "reconstructed" them through a review of the filings in the case. Riley Decl. ¶ 7. This post hoc process yielded a list of nearly 80 line items—nearly all of them unspecific and duplicative—that falls far short of the detailed time records courts require. See Hensley v. Eckerhart, 461 U.S. 424, 438 n.13 (1983) (finding that the district court properly

2

reduced the hours of one attorney by thirty percent to account for his failure to keep contemporaneous time records). Accordingly, the Court will reduce it as follows.

First, the Court declines to award fees for any work billed by the administrative assistant. "An award of fees for time spent by an administrative assistant is not consistent with the practice in the Northern District of California; rather, '[s]uch fees should be have been subsumed in firm overhead.'" J & J Sports Prods., Inc. v. Campos, 2014 WL 3593591, at *5 (N.D. Cal. July 18, 2014) (citing Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009)); see also J & J Sports Prods., Inc. v. Medoza-Lopez, 2018 WL 5099262, at *2 (N.D. Cal. Aug. 13, 2018), report and recommendation adopted sub nom. J & J Sports Prods., Inc. v. Mendoza-Lopez, 2018 WL 5099235 (N.D. Cal. Sept. 26, 2018). Accordingly, the Court reduces Plaintiff's request by $1,272.70.

Next, the Court observes the staggering number of billing entries that supposedly involved glancing at one-line docket entries by the court clerk. For example, there is an entry for Riley (at $550 an hour) and an entry for the administrative assistant (already stricken), for review of each of the following: the order assigning the case to Magistrate Judge Susan van Keulen (dkt. 5); the order setting initial case management deadlines (dkt. 6); the clerk's notice continuing the initial case management conference (dkt. 9); the order granting plaintiff's ex parte application for an extension of time to complete service (dkt. 14); the order granting plaintiff's ex parte application to continue the case management conference (dkt. 15); the entry of default (dkt. 19); the order continuing the next case management conference and setting deadline for motion for default judgment (dkt. 21); the order taking the initial case management conference and hearing off calendar (dkt. 23); the order directing plaintiff to file a complete copy of an affidavit that it had filed incorrectly (dkt. 27); the order reassigning to a district judge (dkt. 29); the order for reassignment to a district judge outside San Jose (dkt. 30); and the order reassigning the case to the undersigned judge specifically (dkt. 31). See Riley Decl. Ex. 1. While the Court recognizes that attorneys must spend time reviewing and managing the electronic docket, Plaintiff may not bill time for each glance at a one-line docket entry. In striking Riley's billing entries for the above-listed items, the Court reduces the fees by $1,200.

The Court further reduces the award because Plaintiff billed large chunks of undifferentiated time to do vaguely described tasks with which Plaintiff has extensive experience. Plaintiff "specializes in the civil prosecution of commercial signal piracy claims . . . and has done so since December 1994." Riley Decl. ¶ 4. Yet Plaintiff claims the research attorney spent:

> 5 hours on "Preparation of Plaintiff's Notice of Application for Default Judgment"
>
> 4 hours to "Review recent NDCal opinions re Eitel factors / merits; J. van Keulen analysis"
>
> 4 hours to "Review photos / video for MDJ; review recent N.D.Cal / J. van Keulen opinions"
>
> 5 hours for "Preparation for Plaintiff's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge; Memorandum of Points and Authorities."

Ex. A at 4, 5. These 18 hours produced (1) a boilerplate default judgment motion with arguments essentially the same as those Plaintiff produces in other cases, and (2) a boilerplate set of objections to the report and recommendation that recapitulates those same arguments. See Dkts. 22, 32. These four undifferentiated items constitute just 5% of the billing line items, yet they amount to almost 60% ($5,400) of the total requested attorneys' fees. On their own, these undifferentiated line items amount to over twice the total attorneys' fees in similar cases. See, e.g., Segura, 2021 WL 4978456, at *2 (awarding $2,800.79); Campos, 2014 WL 3593591, at *5 (awarding $1,981.25). In light of these unspecific and wildly excessive billing records, Plaintiff's extensive experience in these issues, and the similarity between its two motions and its motions in other cases, the Court will award fees for one-third of these 18 billed hours. In reducing the requested amount by $3,600, the Court brings the award closer to the awards in similar cases.

Lastly, other billing entries that plausibly took time are clerical in nature and should have been subsumed in firm overhead. For example, review and filing the summons issued to both defendants and review and filing of consent to proceed before a magistrate judge is of a clerical nature and thus should not be billed under attorneys' fees. Nadarajah, 569 F.3d at 921. In light of these and other similar entries, the Court reduces the fees award by a further ten percent. See Hensley, 461 U.S. at 439 n.13 (1983); Segura, 2021 WL 4978456, at *2; G & G Closed Cir.

4

Events, LLC v. Kim Hung Ho, 2012 WL 3043018, at *3 (N.D. Cal. July 25, 2012); Joe Hand Promotions, Inc. v. White, 2011 WL 6749065 (N.D. Cal. Dec. 23, 2011); G & G Closed Circuit Events, LLC v. Hernandez, 2021 WL 3290422, at *2 (S.D. Cal. Aug. 2, 2021).

In accordance with the above, this order AWARDS $2,765.25 in fees.[1]

**B.   Costs**

Plaintiff also seeks costs in the amount of $1,351.32, consisting of $625 for investigative expenses, $138.82 for courier charges, $400 for complaint filing fees, and $187.50 for service of process fees. Riley Decl. ¶ 9; Ex 1 at 6. This order finds that costs should be limited to the complaint filing fee, the service of process charges, and the transcript fees. Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable. The $625 investigative fee is also excessive because the investigation involved going to a bar, writing a few sentences down, and taking several pictures. See Dkt. No. 22-3. The courier fees are likewise unnecessary. See Segura, 2021 WL 4978456, at *2; G&G Closed Circuit Event, LLC v. Macias, No. C 20-02916 BLF, Dkt. No. 34 at 6; Medoza-Lopez, 2018 WL 5099262, at *2; Campos, 2014 WL 3593591, at *5. This order accordingly AWARDS $587.50 in costs.

**II.   CONCLUSION**

In sum, the Plaintiff is awarded $3,352.75 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: January 4, 2022

CHARLES R. BREYER
United States District Judge

---

[1] [$9,145.20 - $1,272.70 - $1,200 - $3,600] * 0.9 = $2,765.25

5